By the Court.
Pierrepont, J.
—This Court held, in Grosvenor v. The Atlantic Fire Insurance Co., of Brooklyn, (5 Duer, 517), that the insertion in the policy of the words, “loss if any payable to E. B. G., mortgagee,” operated to give the mortgagee the same rights and interest in the policy which he would have, if, without such words in the body of the policy, the mortgagor had assigned the policy to Graves, with the express consent of the insurers. Judge Harris in delivering the opinion of the Court of Appeals in that case says, “I agree with the learned Judges who delivered opinions upon the decision of this case in the Court below, that there is no just ground for discrimination between this case, and that of an assignment of the policy to a mortgagee, to be held by him as collateral security for his debt, with the consent of the insurer.” (17 N Y. R., 395.)
There is no averment that Graves has been paid; on the contrary, it is alleged that “ demand was made on behalf of said E. B. Graves to whom, by the terms of said policy, the loss was to be paid.” It is plain, then, that Ennis alone cannot recover the amount of the loss so long as Graves, the mortgagee, remains unpaid. Graves has an absolute right to recover the amount of *520 the loss, and payment to Ennis, without the assent' of Graves, would not discharge the liability of the company to-the mortgagee. So long as the mortgage remains unsatisfied, Graves is a necessary party to1 the action; if he refuse to unite as plaintiff or to institute proceedings in his own name, Ennis may, on allegation of such refusal, join him as defendant. (Code; §' 119.)
The order should be affirmed, with. $10 costs, with leave, however, to the plaintiff to amend his complaint, on payment of the costs of the demurrer and of this appeal. •
Ordered accordingly.